1  Sonja Arndt (SBN 322728)
   sarndtjohnson@steptoe.com
2  Amanda C. Schwartz (SBN 307522)
   aschwartz@steptoe.com
3  STEPTOE & JOHNSON LLP
4  One Market Plaza
   Steuart Tower, Suite 1070
5  San Francisco, CA 94105
6  Telephone: (415) 365-6700
   Facsimile: (415) 365-6678
7
8  Daniel S. Blynn (*pro hac vice* forthcoming)
   dblynn@steptoe.com
9  STEPTOE & JOHNSON LLP
   1330 Connecticut Avenue, NW
10 Washington, DC 20036
   Telephone: (202) 429-3000
11 Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ETHAN LEVINE, | Case No.: 3:23-cv-00347-EMC |
| Plaintiff, | STIPULATION AND JOINT MOTION FOR COURT ORDER OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i) |
| vs. | |
| TOUCH OF MODERN, LLC, | |
| Defendant | Hon. Edward M. Chen |

Pursuant to the Court's March 3, 2023 Order (ECF 19), and Federal Rules of Civil Procedure 23(e) and 41(a)(1)(A)(i), Plaintiff Ethan Levine and Defendant Touch of Modern, LLC ("Touch of Modern"), by and through their respective counsel of record, hereby stipulate and jointly move this Court for an Order dismissing this action as set forth herein.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  Plaintiff's Individual Claim Should Be Dismissed Without Prejudice**

Federal Rule of Civil Procedure 41(a)(1)(A)(1) provides that, without a court order and subject to Rule 23(e), "the plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"  Such dismissal will be without prejudice unless the notice says otherwise.  Fed. R. Civ. P. 41(a)(1)(B).

In this case, the parties are pleased to advise the Court that they cooperatively shared informal early discovery addressing the facts underlying Plaintiff's claim that Touch of Modern violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059(8)(a), by sending allegedly autodialed marketing text messages to Plaintiff, purportedly without his prior express written consent.  *See* Compl. (ECF 1) ¶¶ 1, 19, 20, 22, 45, 46.  Based on such informal discovery, including discovery reflecting Plaintiff's provision of consent to receive the complained of messages, Plaintiff has decided to no longer press his FTSA claim against Touch of Modern.  No settlement was reached by the parties, and no consideration, monetary or otherwise, was exchanged between the parties. On March 3, 2023, Plaintiff filed his Notice of Voluntary Dismissal without prejudice pursuant to 41(a)(1)(A)(1) given that Touch of Modern had not yet filed an answer or motion for summary judgment.  *See* ECF 18.  The Court should accept Plaintiff's Notice of Voluntary Dismissal and enter an order dismissing this case without prejudice.

**B.  The Putative Class Claim for Violation of the FTSA Should Be Dismissed Without Prejudice and Without Notice to the Putative Class Members**

To determine whether it is appropriate to dismiss without prejudice pre-certification putative class claims, courts assess the prejudice to potential class members of such pre-certification dismissal and whether putative class members should be notified of the same.  *See Tombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (citing Fed. R. Civ. P. 23 and *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (application of Rule 23(e) is "in a much lighter form that does not entail 'the kind of

substantive oversight required when reviewing a settlement binding upon the class.'")); *Albers v. Yarbrough World Sols., LLC*, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021).

To make an assessment as to whether the pre-certification dismissal of class claims would prejudice absent class members, courts are required to consider: (i) whether absent class members could have relied on the filing of the class claims to their detriment, either because of publicity or other circumstances; (ii) whether there exist any timing or statute of limitations issues that would adversely impact absent class members' ability to pursue the claims; and (iii) the possibility that the class representative or counsel are furthering their own interests at the expense of the absent class members. *Albers*, 2021 WL 1925520, at *2 (citing *Diaz*, 876 F.2d at 1408). "'The central purpose of this inquiry is to determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative class members.'" *Tombline*, 2014 WL 5140048, at *2 (citation omitted).

In this case, there is no risk that absent putative class members will be prejudiced by the dismissal without prejudice of the putative FTSA class claim. As an initial matter, the putative class claim has been pending for less than two months. Despite the pleading of the claim on a behalf of a putative class, no class has yet been certified and Plaintiff has not sought class certification. Further, the parties are aware of very minimal notice or publicity of any kind—a single blog post[1]—that has been associated with this litigation. As such, there is virtually no likelihood that any absent class member has relied upon, or even been made aware of, the filing of the putative class claims against Touch of Modern.

Nor does there exist any significant timing or statute of limitations issue. Touch of Modern is still an operative entity. To the extent that any individuals who wish to file claims against Touch of Modern for alleged violations of the FTSA, they would not be time-barred under the FTSA's four-year statute of limitations (which has been tolled since this suit was filed) by virtue of the filing and dismissal without prejudice of the class claim alleged in the Complaint.

---

[1] *See TOUCH OF FLORIDA: Touch of Modern, LLC Faces FTSA Class Action as the Cases POUR In*, Jan. 26, 2023 (*available at* https://tcpaworld.com/2023/01/26/touch-of-florida-touch-of-modern-llc-faces-ftsa-class-action-as-the-cases-pour-in/).

Finally, the resolution of Plaintiff's individual claim was without any settlement and, thus, was not reached at the expense of the class claim in order to further the private interests of Plaintiff and his counsel.  The requested dismissal of the putative class claim is without prejudice such that absent class members are free to pursue such claims themselves.  Because absent class members will not be prevented in any way from pursuing an FTSA claim, they cannot be found to be prejudiced. Moreover, because the parties are unaware of any absent class member reliance on the filing of the class claim, no dissemination of notice is required.

Accordingly, each *Diaz* factor weighs in favor of dismissing Plaintiff's claim and the putative class claim without notice to the class.

## STIPULATION AND JOINT MOTION FOR DISMISSAL

In light of the foregoing, and pursuant to Federal Rules of Civil Procedure 23(e) and 41(a)(1)(A)(i), the parties hereby stipulate and jointly move this Court for an Order dismissing without prejudice Plaintiff's claim and the putative class claim.  The parties further acknowledge and agree that it is appropriate that the putative class claim be dismissed without dissemination of notice to the putative class members.

Dated:  March 8, 2023                              HEDIN HALL LLP

By: */s/ Armen Zohrabian*
   Armen Zohrabian (SBN 230492)
   *azohrabian@hedinhall.com*
   Four Embarcadero Center, Suite 1400
   San Francisco, CA 94111
   Telephone: (415) 766-3534

   Frank S. Hedin (SBN 291289)
   f*hedin@hedinhall.com*
   Arun G. Ravindran (*pro hac vice*)
   *aravindran@hedinhall.com*
   HEDIN HALL LLP
   1395 Brickell Avenue, Suite 1140
   Miami, FL 33131
   Telephone: (305) 357-2107
   Facsimile: (305) 200-8801

   Attorneys for Plaintiff

Dated: March 8, 2023

STEPTOE & JOHNSON LLP

By: */s/ Sonja Arndt*
    Sonja Arndt
    Amanda C. Schwartz
    Daniel S. Blynn

Attorneys for Defendant

Date: March 22, 2023



5